WRIGHT, J.
As to the admission of the testimony, we do not see the error complained of — the passage objected to is an isolated passage in a deposition. It may or may not have been admissible by reason of other matter in evidence of which we know nothing. The person whose conversation was detailed may have been the shipper himself, or the agent, for aught that we know. We are not to presume the court erred in admitting the evidence — the error, if any, must be shown.
2. Was their error in refusing the charge asked for, or in giving that which was given? If the proposition is sustainable that the bill of lading is conclusive evidence of the condition of the goods when delivered, so that you cannot look back of it even to detect a fraud *246 in tbe shipment, then an adroit person, artfully keeping.out of view defects known to him, could always put off his merchandise as sound, and hold the carrier accountable for unsound goods at a sound price! This would be a convenient way of selling a bad article for a good one. We know no law which requires us to uphold frauds of this character. The bill of lading has two aspects, that of a receipt, and that of a contract to carry and deliver. As a receipt it is like other receipts, only prima facie evidence of what is contained in it, and may be made to conform to the real facts, by evidence aliunde. The point was so decided by the Court in Bank, in Babcock v. May, et al. 4 O. 346.
The judgment is affirmed with costs.